UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHNATHAN THOMAS DETWILER,                                           Plaintiff,

v.                                                              Civil Action No. 3:16-cv-P343-DJH

SOUTHERN HEALTH PARTNERS *et al.*,                                  Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Johnathan Thomas Detwiler filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the claims and allow Plaintiff to amend his complaint.

**I.**

Plaintiff is a convicted inmate at the Hardin County Detention Center (HCDC). Plaintiff names as Defendants Southern Health Partners and Carman, whom Plaintiff identifies as "Medical Staff" employed by Southern Health Partners. He sues Carman in her official capacity only.

Plaintiff states that when he entered HCDC on April 2, 2016, he "stated to the officer that I had existing medical issues." He reports that his first issue is an injury to his left foot "that had been treated at multiple hospitals including Jewish hospital in Louisville." Plaintiff states that he asked for medical to examine the injury and treat him for the pain that he was experiencing. He asserts, "They did nothing for me. They failed to do any kind of medial intake at all. I finally had to put in a sick call slip after days of being incarcerated." He reports that they brought him to medical and "when asked why I had not been treated for even a medical intake, nurse

Fernando stated that my file had been misplaced." He states that another nurse did his initial intake, including a T.B. test. He states, "4 days later my T.B. test was read by an officer. Not medical staff. Then charged my account 20 dollars."

Plaintiff states that his second medical issue is an injury to his shoulder. He states that upon entering HCDC he informed the officer "that I had previously had surgery on my right shoulder & I was experiencing a great deal of pain. I asked to have my shoulder examined by a medical doctor. It has been over a month and I still have yet to be seen by a medical doctor." He maintains, "My right should is falling apart and corrective surgery may have to be performed."

Plaintiff states that "[a]nother issue I have is that I was ordered to go to a top bunk." He reports that he told the officer that "my condition makes it difficult for me to climb a bunk bed." He continues, "I asked why I had not been cleared by medical for a bottom bunk. The officer stated that medical has found no proof that I had any treatment for either of my complaints concerning my shoulder or my foot." Plaintiff states, "Officer Ramey was forcing me to take a top bunk because the medical department refused to seek medical records." He maintains, "I am still in a great amount of pain. I feel as if information is being purposely put on hold from my request which is prolonging my ability to file this lawsuit in a timely manner." He also states that "through all of this unfortunate medical negligance my left foot has since healed but my shoulder continues to get worse & my request to seek help or medical attention continues to be delayed." As relief, Plaintiff seeks compensatory damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

3

To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The Court construes the complaint as alleging 42 U.S.C. § 1983 claims of deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Plaintiff sues Southern Health Partners and Carman in her official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claim against Carman as brought against her employer, Southern Health Partners.

Based on the complaint, the Court presumes that Southern Health Partners is a private entity which contracts with HCDC to provide medical care to inmates. The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation such as Southern Health Partners.[1] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691 ("*Monell* involved a

---

[1]"It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id*. Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges he has been denied medical treatment and assigned to a top bunk despite medical reasons for not doing so. However, Plaintiff does not allege that the action or inaction of any personnel occurred as a result of a policy or custom implemented or endorsed by Southern Health Partners. The complaint alleges isolated occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates

5

that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's claims against Southern Health Partners and Carman in her official capacity will be dismissed for failure to state a claim upon which relief may be granted.

"[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow Plaintiff an opportunity to amend his complaint to name as Defendant(s) the person or persons whom he claims engaged in the alleged wrongdoing and to describe the facts surrounding how each Defendant allegedly violated his rights.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Southern Health Partners and Carman in her official capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint with respect to his claims concerning his medical treatment and assignment to a top bunk. **Plaintiff shall name as Defendant(s) the person or persons whom he claims engaged in the alleged wrongdoing and to describe the specific facts surrounding how each Defendant allegedly violated his rights**. Plaintiff shall sue these Defendant(s) in their individual capacities.

The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it, along with three summons forms, to Plaintiff for his completion.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reason stated herein**.

Date:

cc: Plaintiff, *pro se*
    Defendants
4415.010