UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHNATHAN THOMAS DETWILER, Plaintiff,

v. Civil Action No. 3:16-cv-P343-DJH

SOUTHERN HEALTH PARTNERS *et al.*, Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Johnathan Thomas Detwiler filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. In the original complaint, Plaintiff sued Southern Health Partners and Carman, whom Plaintiff identified as "Medical Staff" employed by Southern Health Partners, in her official capacity only. He alleged that he had been denied medical treatment and assigned to a top bunk despite medical reasons for not doing so. By prior Memorandum Opinion and Order, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A. The Court dismissed the claims against Southern Health Partners and Carman in her official capacity and allowed Plaintiff an opportunity to amend his complaint to name as Defendant(s) the person or persons whom he claims engaged in the alleged wrongdoing and to describe the facts surrounding how each Defendant allegedly violated his rights. The amended complaint (DN 11) is now before the Court for screening.

In addition, subsequent to filing the amended complaint, Plaintiff filed a motion seeking to provide the Court with "with proof of merit for claim" (DN 17). The Court construes the filing as a motion to supplement the complaint. **IT IS ORDERED** that the motion to supplement (DN 17) is **GRANTED**. *See* Fed. R. Civ. P. 15(d).

Upon review of the amended and supplemental complaints, the Court will dismiss the instant action for the reasons stated below.

## I.

Plaintiff is a convicted inmate at the Hardin County Detention Center (HCDC). In the amended complaint, Plaintiff sues Southern Health Partners; Carman, whom Plaintiff identifies as "V.P. of Legal Risk" at Southern Health Partners; and Christy L., whom Plaintiff identifies as a Registered Nurse at HCDC. He sues Carman and Christy in their individual capacities.

Plaintiff states that on April 2, 2016, he was brought into the HCDC after an arrest. He states, "Upon entry I stated that I had 2 medical issues. One involving my left foot and the other being still in recovery from a previous surgery on my right shoulder. I was never given the opportunity to be treated for a medical intake for several days." He continues, "I made multiple request to see a medical doctor because I am in extreme pain from the injury to my foot and the surgery on my shoulder." Plaintiff states, "I still have not been afforded proper medical treatment for my shoulder and my left foot has since healed." He alleges that he made a request on May 27, 2016, and that Christy responded to the request. He states, "It shows deliberate indifference to my right to medical and which violates my Eighth Amendment Right."

Plaintiff further maintains that Southern Health Partners violated his Eighth Amendment rights by "providing inadequate medical services at the [HCDC]. The inmate handbook states on page 25 that I am intitled to the same medical treatment as the surrounding area." He also states, "Carman who is the Legal Risk management director for Southern Health Partners is in violation of my Eighth Amendment Right by allowing this lack of medical care to continue despite my ongoing physical ailment and the denile of my request to by examined by a medical doctor."

Plaintiff also states, "All three defendants act as a whole and I feel that because the structure of the positions of employment makes it next to impossible for Southern Health Partners to be held liable for this Corporations failure to provide adequate medical services at the [HCDC]." He maintains, "I have suffered a great deal of pain and I still do. The only way for me to provide this court with more proof is to take this legal action. I will suffer even more in the future physically financially and emotionally." As relief, Plaintiff seeks compensatory and punitive damages.

To his amended complaint, Plaintiff attaches his request for copies of his medical records and two medical request forms, dated May 27, 2016, and July 28, 2016. In the May 2016 medical request form, Plaintiff states, "I have requested to see a doctor over a month ago & now I am still waiting for your staff to get my medical records to show proof. Not only that I keep getting charged for visits, over issues that should be addressed as a check up." In response, the medical staff states, "(1) Your shoulder x-ray was normal. (2) You have only been charged 3 times for medical. 5/8 - $10 sick call. 5/11 - $10 Ibuprofen. 6/3 - $35 x-ray of shoulder." In the July 2016 medical request form, Plaintiff states, "Wondering if the nurse practitioner is going to order the MRI she talked to me about or is it that only the Doctor I still havn't seen yet that has the authority to order one?" The response by the medical staff was "No MRI has been ordered at this time."

In the supplemental complaint, Plaintiff states that he filed a grievance on August 26, 2016, "in regards to his ongoing issues of extreme pain as the result of post surgery & failure to recover from the invasive procedure he received on October 17th 2014." Plaintiff reports that despite his grievance his requested medical treatment was denied. Plaintiff attaches his grievance dated August 26, 2016, in which he states that he has been provided "inadequate

medical care . . . ." He states, "The only thing you have afforded me is an x-ray & a visit with a nurse practitioner with a doctorate. She does not have the authority to issue the MRI that I need & she confirmed that I did need one."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The Court construes the action as alleging 42 U.S.C. § 1983 claims of deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

In the original complaint, Plaintiff alleged that he was assigned to a top bunk despite medical reasons for not doing so. Plaintiff makes no allegations in the amended or supplemental complaints concerning his assignment to a top bunk despite this Court's order to provide more specific facts concerning his claims. Therefore, the Court will dismiss Plaintiff's claim concerning assignment to a top bunk for failure to state a claim upon which relief may be granted.

Plaintiff alleges in the amended complaint that he was denied medical treatment for a foot injury and for shoulder pain. To establish an Eighth Amendment violation premised on

5

inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. at 104). A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. at 832). Mere negligence will not suffice. *Farmer*, 511 U.S. at 835-36.

      With regard to Plaintiff's allegations that he was denied treatment for a foot injury, Plaintiff does not describe in the original complaint, amended complaint, supplemental complaint, or any of his other filings or attachments what the injury to his foot was or state what treatment he believed he needed. Plaintiff does state that the injury to his foot healed. Because Plaintiff fails to describe the alleged injury to his foot, he fails to state a sufficiently serious medical need to give rise to an Eighth Amendment claim. *See Turner v. City of Taylor*, 412

F.3d at 646. Therefore, this claim will be dismissed for failure to state a claim upon which relief may be granted.

With regard to Plaintiff's claim that he was denied treatment for shoulder pain, even if the Court were to presume that Plaintiff has stated a sufficiently serious medical need, Plaintiff must meet the subjective component of an Eighth Amendment claim by alleging that Defendants possessed a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison Cty. Fiscal Court*, 22 F.3d at 660. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Id*. (citations omitted). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996).

The amended and supplemental complaints and their attachments make clear that Plaintiff has received medical treatment for his shoulder pain. Plaintiff has been seen by a nurse practitioner and was given an x-ray and Ibuprofen. It is evident that Plaintiff disputes the adequacy of his treatment and believes that he needs to see a doctor and to receive an MRI of his shoulder. However, such disagreement is not sufficient to give rise to an Eighth Amendment claim. An inmate's disagreement with medical staff over the proper medical treatment "alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not

7

cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) (citations omitted). Therefore, Plaintiff's claim alleging denial of treatment for his shoulder pain fails to state a constitutional claim and must be dismissed.

Because Plaintiff fails to establish an Eighth Amendment claim, his claims against all Defendants will be dismissed by separate Order.

### IV.

In addition to the amended and supplemental complaints, Plaintiff filed six *pro se* motions. Upon review of each of these motions, the Court finds that Plaintiff states no additional factual allegations that give rise to an Eighth Amendment claim against Defendants. Therefore, the pending motions will be denied as moot in the separate Order of dismissal.

Date: January 30, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4415.010